```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
STEVEN NORMAN,                                                 :
                                                               :
                              Petitioner,                      :
                                                               :        06 Civ. 4047 (GEL)
           -against-                                           :
                                                               :        OPINION AND ORDER
ROBERT BROWN, Superintendent of                                :
Eastern Correctional Facility,                                 :
                                                               :
                              Respondent.                      :
                                                               :
---------------------------------------------------------------x
```

Steven Norman, pro se.

Hannah Stith Long, Assistant Attorney General of the State of New York (Robin A. Forshaw, Deputy Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief), for respondent.

GERARD E. LYNCH, District Judge:

Steven Norman, a New York State prisoner, petitions for habeas corpus under 28 U.S.C. § 2254, challenging his conviction for robbery and sentence of 12 years' imprisonment. Because none of his claims has merit, the petition will be denied.

## BACKGROUND

Norman was tried in New York State Supreme Court, New York County, along with a co-defendant, Michael Burrell. At the trial, Morigue Coulibaly, an employee of a department store on upper Broadway in Manhattan, testified that on April 22, 2002, as he and a co-worker, Mohammed Diallo, were unloading a delivery truck in front of the store, Burrell punched him in the head, seized a box of shirts from him, and ran off. Coulibaly gave chase, closely followed by Diallo.

As Coulibaly crossed the street, he observed that Burrell was running with and speaking to another man, who turned out to be Norman. After a block's chase, Coulibaly caught Burrell and grabbed him, demanding return of the stolen box. Norman threatened to shoot Coulibaly and pulled a knife. Coulibaly released Burrell and backed off, holding up his hands. As Burrell ran away, Norman stabbed Coulibaly three times in the hand, leaving him "bleeding badly." (Tr. 263.) Norman joined Burrell, and they conversed; they then ran into Riverside Park, leaving the box behind. Diallo gave a similar account of the incident.

The police officers who responded to the scene testified to spotting Burrell and Norman running away together along a railroad track in the park. After another chase, they apprehended the two men hiding in the bushes.

Neither Burrell nor Norman testified or presented any evidence. Norman's attorney argued in summation that he was not involved in the robbery, but was simply a misguided Samaritan who intervened to protect Burrell from an armed mob that was beating him. This defense was based on two 911 calls introduced by the prosecution that reported a fight among two groups of men with bats, sticks, and knives. Several other 911 calls did not accord with this version of events. Besides Coulibaly and Diallo, the prosecution presented testimony from a witness who from her window saw a man meeting Norman's description swinging a knife and observed no other weapons; the responding police officers also testified that they observed no weapons at the scene or on Coulibaly, Diallo, or anyone else.

The jury found both defendants guilty. On direct appeal, Norman argued that the evidence was insufficient to support his conviction, that the conviction was against the weight of the evidence, and that his sentence was excessive. The Appellate Division rejected all three

arguments on the merits, holding that "the verdict was based on legally sufficient evidence and was not against the weight of the evidence. . . . The credible evidence, and reasonable inferences that can be drawn therefrom, established every element of each of the forms of robbery of which defendants were convicted, including the requisite intent, aid by another person present in seizing or retaining another's property, and physical injury to the victim." People v. Norman, 789 N.Y.S.2d 887, 887-88 (1st Dept. 2005) (citations and internal quotation marks omitted). The Court of Appeals denied leave to appeal. 4 N.Y.3d 889 (2005).

## DISCUSSION

In this timely habeas petition, Norman contends, as he did in the state courts, that the evidence at trial was insufficient to establish (1) that he intended to act in concert with Burrell to steal property; (2) that he was actually present with and aided Burrell; and (3) that Coulibaly suffered physical injury. Since his claims were rejected on the merits by the state courts, habeas relief may not be granted unless the Appellate Division's decision was "contrary to, or involved an unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d)(1); see Serrano v. Fischer, 412 F.3d 292, 296-97 (2d Cir. 2005). Norman cannot meet this standard.

The Constitution guarantees that a defendant may not be convicted of a crime absent sufficient evidence to establish guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). In challenging the constitutional sufficiency of the evidence, however, Norman bears a heavy burden. A conviction is constitutionally invalid only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324. And since the state courts have already determined that the evidence *was* sufficient, habeas relief may only be granted if their finding that a reasonable jury *could* have found guilt was itself unreasonable.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  Finally, the sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  Jackson, 443 U.S. at 324 n.16.  A federal court thus must take particular care not to intrude on the state courts' responsibility to interpret state criminal law.

The evidence here was plainly sufficient, as the Appellate Division found, to support the jury's finding of guilt.  Norman argues that the evidence did not establish that he intended to steal or act in concert with Burrell, because he "was not present at the scene" when Burrell punched Coulibaly and took the box of shirts.  (Pet. 4.)  But this claim misconceives New York law.  Under New York law, robbery, which is "forcible stealing," N.Y. Penal L. § 160.00, is committed when a person uses physical force upon another for the purpose of, inter alia, "[p]reventing or overcoming resistance to the taking of the property *or to the retention thereof immediately after the taking*," or compelling another "to deliver up the property *or to engage in other conduct which aids in the commission of the larceny*."  Id. (emphasis added).  See also N.Y. Penal L. § 155.05 (defining larceny as "a wrongful taking, obtaining or withholding of another's property").  Accordingly, the prosecution was not required to establish that Norman participated in the initial seizure of the property.  The jury could easily infer, on the evidence presented at trial, that Norman associated himself with Burrell in his escape, and that by assaulting Coulibaly, who was loudly demanding the return of stolen property, he intended to help Burrell's theft by using force to "overcom[e] resistance" to Burrell's "retention [of the property] immediately after the taking," and to compel Coulibaly to engage in conduct – releasing Burrell and giving up the chase – which would "aid[] in the commission of the larceny."  Perhaps a reasonable jury could have entertained a reasonable doubt about what

Norman had in mind, but such doubts were hardly required.  It is a reasonable inference that Norman understood that a theft was in progress, and intended to aid it; it was within the jury's authority to decide whether to draw that inference or not.

Norman's challenge to the sufficiency of the proof that he was actually present at the robbery similarly misconceives New York law.  Robbery in the second degree is defined to include forcibly stealing property while being "aided by another actually present" – an aggravating circumstance reflecting the added danger in robberies involving multiple participants.  N.Y. Penal L. § 160.10[1].  Again, Norman's argument turns on the claim that he was not "actually present" when Burrell initially took the box.  Putting aside the possibility that a reasonable jury could have found that Norman was indeed present and "ready, willing or able" to aid Burrell from the beginning, People v. Hedgeman, 70 N.Y.2d 533, 543 (1987), under New York law the robbery did not end with the seizure of the box.  New York courts have repeatedly ruled that an accomplice who "did not arrive on the scene until after the victim had [given up his property]" could still be found by the jury to have aided the robbery while actually present by "helping [the principal] in the retention of the victim's [property]."  People v. Smith, 590 N.Y.S.2d 493, 494 (1st Dept. 1992).  See also People v. Sanders, 700 N.Y.S.2d 811, 812 (1st Dept. 1999) (accomplice was present and aiding when he "drove the getaway vehicle directly at the armed complainant in order to prevent him from interfering with the escape"); People v. Graham, 685 N.Y.S.2d 678, 679 (1st Dept. 1999) (accomplice present and aiding "by blocking the complainant and others trying to retrieve the complainant's purse").  As already noted, the evidence was ample to permit the jury to conclude that Norman was present and substantially

assisting Burrell during Burrell's effort to retain what he had taken. That is sufficient to establish the element required by the New York statute under which Norman was convicted.

The evidence also was sufficient to establish that Coulibaly suffered "physical injury," the aggravating circumstance supporting another count of second-degree robbery. N.Y. Penal L. § 160.10[2](a). "Physical injury" is defined as an "impairment of physical condition or substantial pain," id. § 10.00[9], and requires more than "petty slaps, shoves, kicks and the like." Matter of Philip A., 49 N.Y.2d 198, 199 (1980). Here, the jury heard evidence that Burrell punched Coulibaly in the head with a closed fist, causing his face to swell up, and that Norman himself stabbed Coulibaly three times in the hand, such that he was "bleeding badly" and suffered pain for about two weeks after the robbery. (Tr. 263, 268.) According to one of the police officers, the injuries required treatment by EMS technicians at the police station. (Tr. 436.) The jury also saw photographs of the injuries, and could judge their seriousness for itself. (PX 1, 2.) Similar or lesser wounds have been held to constitute physical injury in numerous New York cases. See, e.g., People v. Jones, 730 N.Y.S.2d 435 (1st Dept. 2001); People v. Spry, 648 N.Y.S.2d 86 (1st Dept. 1996); People v. Valentine, 622 N.Y.S.2d 683 (1st Dept. 1995); People v. Pope, 571 N.Y.S.2d 205 (1st Dept. 1991). Federal courts too have rejected habeas petitions challenging the sufficiency of evidence of injury on similar or lesser proof. See, e.g., Marsh v. Ricks, 2003 WL 145564 (S.D.N.Y. Jan. 17, 2003); People v. James, 769 N.Y.S.2d 38 (1st Dept. 2003); People v. Smith, 726 N.Y.S.2d 12 (1st Dept. 2001).

In addition to these meritless challenges to the sufficiency of the evidence, Norman also repeats his arguments to the Appellate Division that his conviction was against the weight of the evidence and that his sentence was excessive. (Pet. 5.) As presented to the state court, these

arguments were explicitly based on the unique powers of the Appellate Division under state law. (See Appellant's App. Div. Br. at 40-46, 47-52.)  They are thus not grounds for habeas corpus relief.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  To the extent Norman now seeks to characterize these as federal claims, they are not only unexhausted and procedurally defaulted, but also without merit.  There is no federal right to challenge a verdict as against the weight of the evidence, Garrett v. Perlman, 438 F. Supp.2d 467, 470 (S.D.N.Y. 2006), and Norman's sentence was neither disproportionate to his crime and criminal record nor a denial of equal protection.  See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); cf. Harmelin v. Michigan, 501 U.S. 957 (1991).

## CONCLUSION

The petition for habeas corpus is denied.  As petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.


SO ORDERED.

Dated: New York, New York
       February 16, 2007

                                              _____
                                                    GERARD E. LYNCH
                                                    United States District Judge

arguments were explicitly based on the unique powers of the Appellate Division under state law. (See Appellant's App. Div. Br. at 40-46, 47-52.) They are thus not grounds for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). To the extent Norman now seeks to characterize these as federal claims, they are not only unexhausted and procedurally defaulted, but also without merit. There is no federal right to challenge a verdict as against the weight of the evidence, Garrett v. Perlman, 438 F. Supp.2d 467, 470 (S.D.N.Y. 2006), and Norman's sentence was neither disproportionate to his crime and criminal record nor a denial of equal protection. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); cf. Harmelin v. Michigan, 501 U.S. 957 (1991).

## CONCLUSION

The petition for habeas corpus is denied. As petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.

Dated: New York, New York
February 16, 2007

_____
GERARD E. LYNCH
United States District Judge